**CHRISTOPHER J. CHRISTIE**
**United States Attorney**
**By: MARC LARKINS**
**Assistant United States Attorney**
**970 Broad Street, Suite 700**
**Newark, New Jersey 07102**
**(973) 645-2700**



RECEIVED

OCT 08 2008

AT 8:30
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Hon. Freda L. Wolfson** |
| **Plaintiff,** | : | |
| | : | **Criminal No. 03-789 (FLW)** |
| V. | : | |
| | : | **CONSENT JUDGMENT AND** |
| **ANGELO RODRIGUEZ,** | : | **ORDER OF FORFEITURE** |
| | : | |
| **Defendant.** | : | |

This matter being opened to the Court by Christopher J. Christie,
United States Attorney for the District of New Jersey (Marc Larkins,
Assistant United States Attorney, appearing) and the defendant Angelo
Rodriguez (Ellen Brotman, Esq., appearing), and the parties having
stipulated and agreed hereto that the following matter be resolved upon the
following terms and conditions:

WHEREAS on April 4, 2005 a jury sitting in the United States District
Court for the District of New Jersey found defendant, Angelo Rodriguez,
guilty of Counts 1 through 6 of an Indictment which charged him with
knowingly structuring transactions to avoid a domestic financial institution's

1

obligation to file currency transaction reports, in violation of 31 U.S.C. §5313(a) and 31 U.S.C. §5324(a)(3);

**WHEREAS** on June 13, 2005, a Preliminary Order of Forfeiture was entered by the Court whereby the Court ordered a money judgment in the amount of $1,245,018.00 against the defendant, Angelo Rodriguez;

WHEREAS On December 7, 2006 a Consent Judgment and Order of Forfeiture (the "Consent Order") was entered by the Honorable Freda L. Wolfson with regard to United States of America v. Angelo Rodriguez, Defendant, Docket No. Criminal 03-789 (FLW), reducing the money judgment in the amount of $1,245,018 to $560,000 ("Reduced Judgment") and which also approved the Defendant's offer of certain mortgages securing the Reduced Judgment on properties owned by two of the Defendant's companies as more fully detailed below; and

WHEREAS, pursuant to the Consent Order, the mortgages (collectively, the "Mortgages") have been recorded on the properties listed immediately below (the "Mortgaged Properties"), as follows:

| PROPERTY | MTG. RECORDING INFO. |
| --- | --- |
| 122 South Egg Harbor Road, Hammonton, New Jersey (the "Wine Shop Property") | (AN Wine Shop, LLC) Recorded on 12/21/06 in Atlantic County Clerk's Office, Instr. No. 2006126174 |
| 920 Central Avenue, Hammonton, New Jersey (the "Central | (AN Construction, LLC) Recorded on 12/21/06 in Atlantic County Clerk's Office, Instr. No. 2006126175 |

2

| | |
|---|---|
| Avenue Property") | |
| 101 Front Street Block 84, Lot 3 Voorhees, New Jersey | (AN Construction, LLC) Received on 12/21/06 in the Camden County Clerk's Office, Instr. No. 2006144738 |
| 101 Front Street Block 84, Lot 3.03 Voorhees, New Jersey | (AN Construction, LLC) Received on 12/21/06 in the Camden County Clerk's Office, Instr. No. 2006144739 |
| 17th Avenue, Block 9203, Lot 17, Monroe Twp., New Jersey | (AN Construction, LLC) Received on 12/21/06 in the Gloucester County Clerk's Office, Instr. No. MB 10253 197 |
| Sunset Avenue, Block 9605, Lot 1, Monroe Twp., New Jersey | (AN Construction, LLC) Received on 12/21/06 in the Gloucester County Clerk's Office, Instr. No. MB 10253 202 |

WHEREAS, on February 16, 2007, the Defendant passed away prior to reporting to commence serving his sentence; and

WHEREAS, the Estate became the sole member (and in one instance sole stockholder) of all of the companies that had been owned by the Defendant, including the Debtor and ANWS, and

WHEREAS, on August 17, 2007 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization pursuant to chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United

3

States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), Case No. 07-21734; and

WHEREAS, on September 6, 2007, the Estate filed a motion to MOTION to Abate Forfeiture and to Release All Related Liens ("the Motion") and the Government opposed that Motion; and

WHEREAS, on or about November 14, 2007, the Debtor filed an Adversary Proceeding against the Government in the United States Bankruptcy Court, Docket 07-02512 (the "Adversary Proceeding"), alleging that the Mortgages were given without consideration and as a result were a fraudulent conveyance pursuant to the Bankruptcy Code; and

WHEREAS, the Government filed an Answer with affirmative defenses contesting any liability; and

WHEREAS, Pursuant to Orders entered by the Bankruptcy Court, the two Voorhees properties that are subject to mortgages (Block 84, Lots 3 and 3.03) and the two Monroe properties that are subject to the mortgages (Block 9203, Lot 17 and Block 9605, Lot 1) have been approved for conveyance to The Bank, the first mortgagee of each of the properties; and

WHEREAS, the Government has determined the approximate value of all of the  Mortgaged Properties by way of appraisals or other reliable methodology to the satisfaction of the Government; and

4

WHEREAS, the Executor of the Estate has prepared and executed a Certification  that has been provided to the Government, a copy of which is attached hereto as Exhibit "B" (the "Certification"), which demonstrates that the Estate has significant liabilities such that, at this time, it is unclear if the Estate will be solvent; and

WHEREAS, the Government has reviewed the pleadings, monthly operating reports, schedules of assets and liabilities and other available information on the docket in the Debtor's bankruptcy proceeding;

NOW, THEREFORE, in consideration of the foregoing and of the mutual covenants hereinafter set forth, the Parties intending to be legally bound, hereby agree as described in the Settlement Agreement, attached as Exhibit A and incorporated herein, and further,

**THAT** this Court shall retain jurisdiction over this matter and issue any orders and conduct any proceedings necessary to effectuate the

5

settlement herein;

**THEREFORE,** it is

**SO ORDERED**, this 7th day of _____ October _____, 2008.

_____
HONORABLE FREDA L. WOLFSON
United States District Court Judge

We consent to the form and entry of
this Consent Judgment:

CHRISTOPHER J. CHRISTIE
United States Attorney

_____
MARC LARKINS
Assistant United States Attorney

_____
ELLEN BROTMAN, ESQ.
Attorney for William Lemons, Executor of the Estate of
Angelo Rodriguez

6

Exhibit A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into as of the 8th day of ~~August~~ September, 2008 among the Estate of Angelo C. Rodriguez, deceased ("Estate"), AN Construction, L.L.C. ("Debtor"), AN Wine Shop, LLC ("ANWS") and The United States of America ("Government") (collectively, the Estate, Debtor, ANWS and Government are the "Parties").

WHEREAS, On December 7, 2006 a Consent Judgment and Order of Forfeiture (the "Consent Order") was entered by the Honorable Freda L. Wolfson with regard to United States of America v. Angelo Rodriguez, Defendant, Docket No. Criminal 03-789 (FLW), a copy of which is attached as Exhibit "A" ; and

WHEREAS, the Consent Order, among other things, reduced a Court ordered money judgment in the amount of $1,245,018 to $560,000 ("Reduced Judgment") and which also approved the Defendant's offer of certain mortgages securing the Reduced Judgment on properties owned by two of the Defendant's companies as more fully detailed below; and

WHEREAS, pursuant to the Consent Order, the mortgages (collectively, the "Mortgages") have been recorded on the properties listed immediately below (the "Mortgaged Properties"), as follows:

| PROPERTY | MTG. RECORDING INFO. |
|---|---|
| 122 South Egg Harbor Road, Hammonton, New Jersey (the "Wine Shop Property") | (AN Wine Shop, LLC) Recorded on 12/21/06 in Atlantic County Clerk's Office, Instr. No. 2006126174 |
| 920 Central Avenue, Hammonton, New Jersey (the "Central Avenue Property") | (AN Construction, LLC) Recorded on 12/21/06 in Atlantic County Clerk's Office, Instr. No. 2006126175 |
| 101 Front Street Block 84, Lot 3 Voorhees, New Jersey | (AN Construction, LLC) Received on 12/21/06 in the Camden County Clerk's Office, Instr. No. 2006144738 |
| 101 Front Street Block 84, Lot 3.03 Voorhees, New Jersey | (AN Construction, LLC) Received on 12/21/06 in the Camden County Clerk's Office, Instr. No. 2006144739 |
| 17th Avenue, Block 9203, Lot 17, Monroe Twp., New Jersey | (AN Construction, LLC) Received on 12/21/06 in the Gloucester County Clerk's Office, Instr. No. MB 10253 197 |
| Sunset Avenue, Block 9605, Lot 1, Monroe Twp., New Jersey | (AN Construction, LLC) Received on 12/21/06 in the Gloucester County Clerk's Office, Instr. No. MB 10253 202 |

WHEREAS, on February 16, 2007, the Defendant passed away prior to reporting to commence serving his sentence; and

WHEREAS, the Estate became the sole member (and in one instance sole stockholder) of all of the companies that had been owned by the Defendant, including the Debtor and ANWS, and

WHEREAS, on August 17, 2007 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization pursuant to chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), Case No. 07-21734; and

2

WHEREAS, the Estate filed a motion to vacate the Reduced Judgment (the "Motion") and the Government opposed that Motion; and

WHEREAS, on or about November 14, 2007, the Debtor filed an Adversary Proceeding against the Government in the United States Bankruptcy Court, Docket 07-02512 (the "Adversary Proceeding"), alleging that the Mortgages were given without consideration and as a result were a fraudulent conveyance pursuant to the Bankruptcy Code; and

WHEREAS, the Government filed an Answer with affirmative defenses contesting any liability; and

WHEREAS, Pursuant to Orders entered by the Bankruptcy Court, the two Voorhees properties that are subject to mortgages (Block 84, Lots 3 and 3.03) and the two Monroe properties that are subject to the mortgages (Block 9203, Lot 17 and Block 9605, Lot 1) have been approved for conveyance to The Bank, the first mortgagee of each of the properties; and

WHEREAS, the Government has determined the approximate value of all of the Mortgaged Properties by way of appraisals or other reliable methodology to the satisfaction of the Government; and

WHEREAS, the Executor of the Estate has prepared and executed a Certification that has been provided to the Government, a copy of which is attached hereto as Exhibit "B" (the "Certification"), which demonstrates that the Estate has significant liabilities such that, at this time, it is unclear if the Estate will be solvent; and

WHEREAS, the Government has reviewed the pleadings, monthly operating reports, schedules of assets and liabilities and other available information on the docket in the Debtor's bankruptcy proceeding;

NOW, THEREFORE, in consideration of the foregoing and of the mutual covenants hereinafter set forth, the Parties intending to be legally bound, hereby agree as follows:

1.     The Government will be paid One Hundred Fifty Thousand Dollars ($150,000.00) as full settlement of the Reduced Judgment (the "Final Judgment"), payable as follows:

     a.  First, from all of the net proceeds from the sale of the Wine Shop Property (the "Net Proceeds"), when the closing on the Wine Shop Property is consummated. In the event that a portion of the Net Proceeds fully satisfies the Final Judgment, the Government shall have no further claim against ANWS, the Debtor or the Estate, and the Government shall release any claim it has on the Central Avenue Property.

     b.  Second, if the Net Proceeds from the sale of the Wine Shop Property fail to satisfy the Final Judgment, then from the Estate, paid in accordance with N.J.S.A. § 3B:22-2. The Estate's liability under the Consent Order and the Mortgages is limited to the Final Judgment less the Net Proceeds. In the event that the Net Proceeds and the funds paid from the Estate to the Government fully satisfy the Final Judgment, the Government shall have no further claim against ANWS, the Debtor or the Estate, and the Government shall release any claim it has on the Central Avenue Property.

     c.  Third, if the Net Proceeds and the Estate fail to satisfy the Final Judgment, then from the net proceeds from the sale of the Central Avenue Property in accordance with Paragraph 4 of this Settlement Agreement.

4

    d.  ANWS has listed the Wine Shop Property for sale with a realtor and shall actively maintain the real estate listing.

    e.  The Government will immediately release any claim against all of the Mortgaged Properties except for the Central Avenue Property and the Wine Shop Property.

2.    To the extent that the foregoing has not already occurred, the Government shall execute discharges of mortgages attached hereto as Exhibits "C-1 through C-4" for each of the respective Mortgaged Properties (other than the Wine Shop Property and Central Avenue Property) and shall forward the executed mortgage discharges to Archer & Greiner, PC ("Estate Counsel") for recording within ten (10) days of the Effective Date (as hereafter defined) of this Agreement.

3.    Upon the full execution of an agreement of sale for the Wine Shop Property, the Estate shall forward the agreement of sale to the Government. Provided the agreement of sale represents either (i) a bonafide sale of the Wine Shop Property to an unrelated third party or (ii) sale to an "insider" provided that the Government will receive net proceeds of $150,000, the Government shall within ten (10) days of the receipt of the agreement of sale execute the discharge of mortgage attached hereto as Exhibit "D" for the Wine Shop Property and shall forward this executed mortgage discharge to Estate Counsel to be held in escrow pending the sale of the Wine Shop Property. When a closing has been scheduled for the Wine Shop Property, Estate Counsel shall deliver the executed mortgage discharge for the Wine Shop Property to the title agent for the closing with instructions that: (i) the mortgage discharge be recorded at closing; and (ii) the Net Proceeds (or that portion of the Net Proceeds up to $150,000) shall be delivered to the Government in accordance with this Settlement Agreement.

4.     Upon Bankruptcy Court approval of an agreement of sale for the Central Ave Property, the Government shall execute the discharge of mortgage attached hereto as Exhibit "E" for the Central Avenue Property and shall forward this executed mortgage discharge to Estate Counsel, within ten (10) days of being notified of the Bankruptcy's Court approval of the sale of the Central Avenue Property, to be held in escrow pending the sale of the Central Avenue Property.   When a closing has been scheduled for the Central Avenue Property, Estate Counsel shall deliver the executed mortgage discharge for the Central Avenue Property to the title agent for the closing with instructions that: (i) the mortgage discharge be recorded at closing; and (ii) the net proceeds from the closing, be delivered to Estate Counsel to be held in escrow (the "Central Avenue Escrow") pursuant to the terms of this Settlement Agreement.

a.   The Central Avenue Escrow shall be maintained until the Government receives full payment of the Final Judgment from the Net Proceeds from the sale of the Wine Shop Property, and to the extent such Net Proceeds are insufficient, from the Estate in accordance with N.J.S.A. § 3B:22-2.

b.   If the Government receives full payment of the Final Judgment from the Net Proceeds from the sale of the Wine Shop Property, the Central Avenue Escrow shall be disbursed in accordance with applicable Orders of the Bankruptcy Court.

c.   Notwithstanding anything provided to the contrary in subparagraph (a) above, if after payment to the Government of the Net Proceeds from the sale of the Wine Shop Property and any available assets of the Estate determined pursuant to N.J.S.A. 3B:22-2 and the resolution of any issues

6

relating to the Estate or any assets of the Estate, the Final Judgment has not been satisfied, Estate Counsel shall disburse to the Government funds held in the Central Avenue Escrow that are equal to: $(x) - (y + z)$ where $x$ is the Final Judgment; $(y)$ is the value of the Net Proceeds from the sale of the Wine Shop Property and $(z)$ is the value of any funds received by the Government from the Estate in accordance with this Settlement Agreement. Any funds remaining in the Central Avenue Escrow shall be disbursed in accordance with applicable Orders of the Bankruptcy Court.

d.  In the event that the Government receives funds from the Net Proceeds of the Wine Shop Property, the Central Avenue Escrow may be reduced, provided that there remains sufficient funds in the Central Avenue Escrow to pay the Government the remaining balance of the Final Judgment.

5.    If the Estate is insolvent, no funds shall be disbursed by the Estate without approval of the Superior Court of New Jersey, Chancery Division, Probate Part, Atlantic County ("Superior Court"), in accordance with N.J.S.A. § 3B:22-2.

6.    In the event that the Estate is determined to be solvent and there are sufficient funds in the Estate to pay the priority expenses set forth in N.J.S.A. § 3B:22-2, the Estate agrees to set aside $150,000 of available funds in escrow (which may be reduced by the amount of any payments to the Government pursuant to this Settlement Agreement) pending the disposition of the Wine Shop Property. In addition, the Estate agrees not to release the escrow (other than the permitted reduction set forth herein) unless and until the Government is paid the full amount of the Final Judgment.

7.    In the event (i) the Net Proceeds from the sale of the Wine Shop property, (ii) the available funds from the Estate, and (iii) the net proceeds from the sale of the

7

Central Avenue Property fail to satisfy the Final Judgment, the Government retains its right to take all necessary action permitted by law. Such action may include, subject to the limitations stated below, action against any and all other properties previously owned by Angelo Rodriguez and associated entities, including but not limited to ANWS, Debtor and the Estate and any company in which the Estate is the sole member or shareholder, including, but not limited to: Debtor; AR Philadelphia Avenue, LLC; 525 12th Street, LLC; 818 Pear Street, LLC; MN Property Management, LLC; 778 Egg Harbor Road, LLC; 227 Washington Street, LLC; 359 Fairview Avenue, LLC; and AR Leasing, Inc. However, in the event of a default under this Agreement, with respect to the Debtor, the Government will be subject to the terms of the Debtor's plan of liquidation. Notwithstanding the foregoing, while the Government has the right to take "all necessary action permitted by law", nothing in this Agreement creates any right of action or claim against any of the entities listed above, nor does this language constitute an independent obligation of the listed entities to make any payments to the Government, except as may specifically be set forth herein. The parties retain all rights and defenses created in prior agreements or at law.

8.      This Agreement and the obligations of the parties hereunder are subject to the entry of an order of the Bankruptcy Court approving the terms and provisions hereof. Bankruptcy Counsel shall file a notice of settlement with the Bankruptcy Court seeking approval of this settlement within ten (10) days of the Effective Date of this Agreement.

9.      This Agreement and the obligations of the parties hereunder are subject to the entry of a Judgment of the Superior Court approving the terms and provisions hereof. Estate Counsel shall file a motion or, as appropriate, a complaint with the Superior Court

seeking approval of this Agreement within fourteen (14) days of the Effective Date of this Agreement.

10.    This Agreement and the obligations of the parties hereunder are subject to the entry of an order of the United States District Court ("District Court") approving the terms and provisions hereof. Ellen C. Brotman, Esquire of Montgomery, McCracken, Walker & Rhoads, LLP shall file a consent order attached hereto as <u>Exhibit "I"</u>.

11.    The Estate agrees to file a motion to withdraw the motion to vacate the Reduced Judgment presently pending before The Honorable Freda L. Wolfson, United States District Court.

12.    The date that all of the parties execute this Agreement shall be the "Effective Date" of the Agreement.

13.    Upon receipt of the full amount of the Final Judgment, the Government hereby releases any claim it may have against ANWS, Debtor and Estate and any company in which the Estate is the sole member or shareholder, including, but not limited to: AN Construction, LLC; AR Philadelphia Avenue, LLC; 525 12th Street, LLC; 818 Pear Street, LLC; MN Property Management, LLC; 778 Egg Harbor Road LLC; 227 Washington Street, LLC; 359 Fairview Ave, LLC; and AR Leasing, Inc.

14.    The initial mailing address for Estate Counsel is as follows: Archer & Greiner, P.C., Attn: John D. Cranmer, Esquire, One Centennial Square, Haddonfield, New Jersey 08033.

15.    By executing this Agreement, each party represents that it has been duly authorized to enter into this Agreement on behalf of the party for which it is signing.

16.     This Agreement may be executed in any number of counterparts or by facsimile signatures, each of which shall be deemed an original, but all of which together shall constitute one in the same agreement.


**The Estate of Angelo C. Rodriguez**


By: *William J. Lemmo CPA Esq Executor*
    William J. Lemons, CPA, Esquire,
    Executor


**AN Construction, LLC**
**By: The Estate of Angelo C.**
**Rodriguez, sole member**

By: *William J. Lemmo CPA Esq Executor*
    William J. Lemons, CPA, Esquire,
    Executor


**Christopher J. Christie**
**United States of America**


By: *Marc Larkins*
    Marc Larkins,
    Assistant United States Attorney


**AN Wine Shop, LLC**
**By: The Estate of Angelo C.**
**Rodriguez, sole member**

By: *William J. Lemons CPA Esq Executor*
    William J. Lemons, CPA, Esquire,
    Executor


3252380v6


10



IN THE MATTER OF THE ESTATE OF            :

ANGELO C. RODRIGUEZ, DECEASED            :       **AFFIDAVIT OF EXECUTOR**

                                    :

STATE OF NEW JERSEY   :
                       : ss.

COUNTY OF ATLANTIC   :

      WILLIAM J. LEMONS, CPA, ESQUIRE, Executor of the Estate of Angelo C. Rodriguez, Deceased, being duly sworn according to law, deposes and says:

      1.     Angelo C. Rodriguez (the "Decedent") died on February 16, 2007, a resident of Atlantic County, New Jersey, leaving a Last Will and Testament dated February 12, 2007 (the "Will").

      2.     The Will was probated before the Atlantic County Surrogate's Court at which time I was appointed the Executor of the Estate. A copy of a Short Certificate evidencing my appointment as the Executor of the Estate is attached hereto as Exhibit "A."

      3.     I submit this Affidavit in my capacity as Executor of the Estate.

      4.     To the best of my knowledge and belief, the Decedent's Estate has a gross value of approximately $4,333,798.91. The valuation is based on estimates at various dates as set forth in the attached Exhibit "B."

      5.     In addition, to the best of my knowledge and belief, the liabilities of the Decedent's Estate total approximately $5,045,537.32. A list of these liabilities is attached hereto as Exhibit "C."

      6.     Based on the foregoing, and the information presently available to me regarding the assets and liabilities of the Decedent's Estate, the value of the liabilities of the Decedent's

Estate exceed the value of the gross Estate by $711,738.41.  A summary of the net estate is attached hereto as Exhibit "D."

     7.     To the best of my knowledge and belief, in the course of settling the various litigation matters in connection with the Decedent's Estate, it is likely that the assets of the Estate will be distributed to various creditors in the manner set forth in the attached Exhibit "E."

WILLIAM J. LEMONS, CPA, ESQUIRE, EXECUTOR

Sworn to and subscribed
before me this *18* day
of *August*, 2008.

(Notary Public)

KATHARINE M. LEMONS
Notary Public, State of New Jersey
My Commission Expires
August 12, 2012

3158217v1

2

# Atlantic County Surrogate's Court

State of New Jersey,
County of Atlantic, } SS.

I, JAMES A. CARNEY, Surrogate of said County,

DO CERTIFY, that the last Will and Testament . . . . . . . . . . . . . . . .

ANGELO C. RODRIGUEZ  a/k/a  ANGELO RODRIGUEZ                                      of

late of the County of Atlantic, who died on    or before February 16, 2007

was    duly admitted to probate and that    WILLIAM J. LEMONS CPA, ESQ.

Execut  or      therein named           is    duly authorized to take upon

Testat  or          agreeably to said Will      himself    the administration of the Estate of the

. . . . . . . . . . . . . .

I further certify that Letters Testamentary stand

unrevoked and in full force and effect.

WITNESS MY HAND AND SEAL OF OFFICE

this            first      day of

in the year of our Lord, Two Thousand          March
Seven.

_James Carney_

James A. Carney, Surrogate / Judge

A

**Estate of Angelo C. Rodriguez**
**Asset List**

| AN CONSTRUCTION, LLC. | | Estimated Value | Subtotal | Grand Total |
|---|---|---|---|---|
| Real Property Located At: | | | | |
| 310 Railroad Avenue, Hammonton, New Jersey | | 75,000.00 [1] | | |
| 101 Front Street (2 lots), Hammonton, New Jersey | | 146,000.00 [2] | | |
| 280 West End Avenue, Hammonton, New Jersey | | 210,000.00 [3] | | |
| 284 West End Avenue, Hammonton, New Jersey | | 210,000.00 [4] | | |
| 5210 Arctic Avenue, Wildwood, New Jersey | | 350,000.00 [5] | | |
| 918 Central Avenue, Hammonton, New Jersey | | 100,000.00 [6] | | |
| 3rd Street Major Subdivision | | 1,140,000.00 [7] | | |
| 17th Avenue - Monroe Township | | 11,000.00 [8] | | |
| Sunset Avenue - Monroe Township | | 10,000.00 [9] | 2,252,000.00 | |
| Other Assets: | | | | |
| Checking/Savings Account | | 3,082.31 | | |
| Furniture and Equipment | | 1,500.00 | | |
| Mortgage Receivable from 525 12th Street, LLC | | | | |
| Interest | 1,751.48 | | | |
| Principal | 86,625.68 | 88,377.16 | 92,959.47 | 2,344,959.47 |
| AR LEASING, INC. | | | | |
| 1999 Lexus 300 | | 10,000.00 [10] | | |
| Checking Account | | 1,339.44 | 11,339.44 | 11,339.44 |
| AR PHILADELPHIA, LLC. | | | | |
| Real Property Located at 205 - 207 Philadelphia Avenue Egg Harbor Township, New Jersey | | 420,000.00 [11] | | 420,000.00 |

---

[1]  Value calculated as current principal balance under Lease/Purchase Agreement as of February 2008.

[2]  Value per contract with Louis Riiff dated May 16, 2007 (Buyer cancelled contract). This property is proposed to be conveyed to The Bank by way of Bankruptcy Court approval.

[3]  Value per realtor opinion of value as of mid 2007  The Bankruptcy Court has approved conveyance of this property to Inter Net Bank by way of deed in lieu of foreclosure.

[4]  Value per realtor opinion of value as of mid 2007. The Bankruptcy Court has approved conveyance of this property to Inter Net Bank by way of deed in lieu of foreclosure.

[5]  Value per appraisal dated August 26, 2004, was $285,000. The estimated current value is $350,000. This property will be deeded to The Bank pursuant to a Bankruptcy Court Order.

[6]  Value per appraisal dated February 16, 2007.

[7]  Value per appraisal dated February 7, 2008. (Appraiser retention approved by Bankruptcy Court)

[8]  Value per appraisal dated October 17, 2007  This property will be deeded to The Bank pursuant to a Bankruptcy Court Order.

[9]  Value per appraisal dated October 17, 2007. This property will be deeded to The Bank pursuant to a Bankruptcy Court Order.

     Value per Kelley Blue Book based on assumed mileage and condition. No title or tags have yet been found for this vehicle. It is assumed that AR Leasing, Inc., owns this vehicle.

[11]  Value per realtor opinion of value as of mid 2007.

1

"β"

| *Estate Asset List cont...* | Estimated Value | Subtotal | Grand Total |
|---|---|---|---|
| **818 PEAR STREET, LLC.** | | | |
| Real Property Located at 818 Pear Street Vineland, New Jersey | 229,000.00 [12] | | 229,000.00 |
| **778 EGG HARBOR ROAD, LLC.** | | | |
| Real Property Located at 778 Egg Harbor Road Hammonton, New Jersey | 300,000.00 [13] | | 300,000.00 |
| **227 WASHINGTON STREET, LLC.** | | | |
| Real Property Located at 227 N. Washington Street Hammonton, New Jersey | 210,000.00 [14] | | 210,000.00 |
| **AN WINE SHOP, LLC.** | | | |
| Real Property Located at 122 S. Egg Harbor Road Hammonton, New Jersey | 200,000.00 [15] | | 200,000.00 |
| **525 12TH STREET, LLC.** | | | |
| Real Property Located at: | | | |
| 515 12th Street, Hammonton, New Jersey | 85,000.00 [16] | | |
| 525 12th Street, Hammonton, New Jersey | 229,000.00 [17] | 314,000.00 | 314,000.00 |
| **359 FAIRVIEW AVENUE, LLC.** | | | |
| Real Property Located at 359 Fairview Avenue Hammonton, New Jersey | 300,000.00 [18] | | 300,000.00 |
| **MN PROPERTY MANAGEMENT, LLC.** | | | |
| Rental Account Balance | 4,500.00 [19] | | 4,500.00 |
| | | **TOTAL ASSET VALUE** | **4,333,798.91** |

---

[12] _____ Value per realtor opinion of value as of mid 2007. Subject to title litigation calling the ownership of the property by the LLC into question.

[13] Value per realtor opinion of value as of mid 2007.
for this property as of mid 2007 would be the value set forth above.

[14] Value per realtor opinion of value as of mid 2007.

[15] Value per appraisal dated _____.  (US Govt' obtained this appraisal?)

[16] Value per purchase price as of June 8, 2007.

[17] Value per realtor opinion of value as of mid 2007.

[18] Based on local property values, the Executor estimates that a "high" estimate of value for this property as of mid 2007 would be the value ..t forth above.

[19] MN collects rents and distributes rents to property owning companies.  Balance fluctuates based on collected rents.
Estimate represents a higher than typical balance.

Estate of Angelo C. Rodriguez
Liability List

| AN CONSTRUCTION, LLC. | Estimated Value | Subtotal | Grand Total |
|---|---|---|---|
| Credit Cards: | | | |
| Bank of America | 14,528.87 | | |
| Home Depot Credit Services | 115.59 | | |
| Wachovia Platinum Plus Business | 13,907.96 | | |
| Wells Fargo Mastercard | 22,496.38 | | |
| Advanta Bank Corp. | 13,240.06 | 64,288.86 | |
| Attorneys' Fees & Costs - Archer & Greiner, P.C. | 243,768.02 | 243,768.02 | |
| Taxes - IRS | 306.75 | 306.75 | |
| Miscellaneous Debts: | | | |
| Jaynic Building | 5,000.00 | | |
| United Roll Off Service | 1,565.01 | | |
| Perrone Door Company | 8,857.00 | | |
| Comcast | 225.38 | | |
| Beyond Painting | 2,450.00 | | |
| EBM | 1,404.50 | | |
| Murphy Fence | 1,862.00 | | |
| Val-U Blinds | 900.00 | | |
| A1 Millwork, Inc. | 5,647.54 | | |
| Direct Cabinet Sales | 10,202.25 | | |
| Atlantic City Electric | 379.57 | | |
| South Jersey Gas | 538.25 | | |
| DeGaetano's Concrete Co., Inc. | 24,708.50 | | |
| Robert Monson | 800.00 | | |
| Almost Heaven | 47.54 | | |
| Copy Tech | 251.45 | | |
| Dan Schmutz | 70.00 | | |
| Dorado Business Systems | 240.75 | | |
| Express Messenger Service | 28.00 | | |
| Green Giant Nursery | 214.00 | | |
| Janeann Armbruster | 125.00 | | |
| Terrier Claims Service | 53.50 | | |
| Marathon Engineering | 41,888.00 | | |
| Swiderski Associates | 575.00 | | |
| DiMeglio Septic | 256.91 | | |
| Mike Protopapas | 813.00 | | |
| Sansalone Excavating | 10,050.00 | | |
| Monroe Township | 51.72 | | |
| New Jersey Department of Environmental Protection | 525.78 | | |
| New Jersey Department of Labor | 9.34 | | |
| Rocco Nicoletti | 226.13 | | |
| Estate of Lawrence Corson | 5,000.00 | | |
| Town of Hammonton | 5,832.50 | | |
| Township of Voorhees | 6,809.24 | | |
| City of Wildwood | 2,410.33 | | |
| Elite Building Maintenance | 1,404.50 | | |
| E&A Drywall | 11,150.00 | | |
| Garden State Grounds Control | 568.00 | | |

C

*.tate Liabilities cont...*

| AN CONSTRUCTION, LLC. | Estimated Value | Subtotal | Grand Total |
|---|---|---|---|
| Allen's Propane | 1,162.97 | | |
| B&F Environmental Drilling | 8,350.00 | | |
| Lloyd Electric | 1,755.00 | | |
| Action Supply | 6,954.37 | | |
| Aetna | 1,923.00 | | |
| Crescenzo's Home and Garden | 75.11 | | |
| Ott & Warren | 935.00 | | |
| Paul A. Cappelle Accounting | 5,326.25 | | |
| R.E. Michel Company, Inc. | 4,061.13 | | |
| Sprint | 1,017.42 | | |
| Strober Building Supply | 11,056.38 | | |
| Universal Supply | 42,371.58 | | |
| UPS | 456.91 | | |
| Verizon | 1,207.98 | | |
| W B Mason | 143.57 | | |
| Lipinski Pools, Inc. | 16,522.59 | | |
| Michael Ricca claim | 10,000.00 | | |
| InterState Net Bank - Mortgage from West End Properties | 426,136.28 | | |
| G'Boys | 37,763.00 | | |
| Mortgage to Family Trust | 35,000.00 | | |
| Stonehenge | 6,669.00 | | |
| Kurz Concrete | 23,514.00 | | |
| Lou Capuccio | 35,391.50 | | |
| L&M Plus | 6,562.00 | | |
| Management Fee | 38,076.94 | | |
| Miscellaneous Debt | 808.00 | | |
| Three Street Investors, LLC | 685,000.00 | | |
| Accrued Interest | 190,788.00 | 875,788.00 | |
| Susquehanna Patriot Bank | | | |
| Mortgage balance of $34,500 has been satisfied and is no longer outstanding. | | 0.00 | |
| The Bank | | 524,259.03 [1] | |
| InterState Net Bank - Line of Credit | 740,000.00 | | |
| Accrued Interest | 76,539.05 | 816,539.05 [2] | 3,092,966.75 | 3,401,330.38 |

## AR LEASING, INC.

Credit Cards:

| | | | |
|---|---|---|---|
| BJ's Wholesale Store | 12,892.18 | | |
| Bank of America | 8,949.97 | | |
| CitiBusiness Platinum Select | 7,190.68 | 29,032.83 | |

Miscellaneous Debts.

| | | | |
|---|---|---|---|
| Crystal - Water Delivery | 29.85 | | |
| Verizon | 152.61 | | |
| State of New Jersey   Division of Taxation | 530.00 | | |
| Paul A. Capelle, CPA | 700.00 | 1,412.46 | 30,445.29 |

[1] The total liabilities owed to The Bank will be satisfied upon transfer of all properties, subject to Bankruptcy Court approval. The Bank has also agreed to waive any deficiency.

AN Construction, LLC, has an "umbrella" line of credit with a principal balance of $740,000 plus accrued interest. Throughout this Certification, it is referred to as the "$740,000 AN Construction, LLC, 'umbrella' line of credit" which is secured by mortgages on 310 Railroad Avenue, 816 Pear Street, 778 Egg Harbor Road, 227 Washington Street, and the family home.

2

*.tate Liabilities cont...*

| AR PHILADELPHIA, LLC. | Estimated Value | Subtotal | Grand Total |
|---|---|---|---|
| Miscellaneous Debt: | | | |
| Atlantic City Electric | 119.44 | | |
| Preferred Mutual Insurance Company | 214.90 | | |
| South Jersey Gas | 62.90 | | |
| Egg Harbor City Utility Department | 386.32 | | |
| ISN Bank | 328,843.00 | 329,626.56 | 329,626.56 |

**818 PEAR STREET, LLC.[3]**

| | | | |
|---|---|---|---|
| Taxes - City of Vineland | 607.02 | | 607.02 |

**778 EGG HARBOR ROAD, LLC.[4]**

| | | | |
|---|---|---|---|
| Miscellaneous Debt: | | | |
| Atlantic City Electric | 11.54 | | |
| South Jersey Gas | 35.19 | 46.73 | 46.73 |

**227 WASHINGTON STREET, LLC.[5]**

| | | | |
|---|---|---|---|
| N/A | 0.00 | | 0.00 |

**AN WINE SHOP, LLC.[6]**

| | | | |
|---|---|---|---|
| Taxes - City of Hammonton | 271.79 | | 271.79 |

**525 12TH STREET, LLC.[7]**

| | | | | |
|---|---|---|---|---|
| Miscellaneous Debt: | | | | |
| America's Servicing Company | | 128,519.00 | | |
| Mortgage Payable to AN Construction, LLC | | | | |
| Interest | 1,751.48 | | | |
| Principal[8] | 86,625.88 | 88,377.36 | 216,896.36 | 216,896.36 |

**359 FAIRVIEW AVENUE, LLC.[9]**

| | | | |
|---|---|---|---|
| Mortgage - Wachovia Bank, N.A. | 120,765.00 | | 120,765.00 |

---

[3] This property is subject to title litigation calling the ownership of the property by the LLC into question.  In addition, this property is subject to an InterState Net Bank first mortgage in the amount of $740,000 (see AN Construction Liability List).

[4] This property is subject to an InterState Net Bank first mortgage in the amount of $740,000 (see AN Construction Liability List)

[5] This property is subject to an InterState Net Bank first mortgage in the amount of $740,000 (see AN Construction Liability List).

[6] This property is subject to the mortgage in favor of the United States Government pursuant to a court order in the amount of $560,000 (see Estate Liability List).

[7] This LLC owns the properties located at 515 and 525 12th Street, Hammonton, New Jersey   The property located at 525 12th Street, is subject to an InterState Net Bank second mortgage related to AR Philadelphia's acquisition in the amount of $328,843 (see AR Philadelphia Liability List).

[8] This mortgage obligation arose as of June 8, 2007, the date of closing on the property.

  This property is subject to an InterState Net Bank second mortgage related to AR Philadelphia's acquisition in the amount of $328,843 (see AR Philadelphia Liability List).

| *state Liabilities cont...* | Estimated Value | Subtotal | Grand Total |
|---|---|---|---|
| **MN PROPERTY MANAGEMENT, LLC** | | | 0.00 |
| N/A | 0.00 | | |
| **ESTATE OF ANGELO C. RODRIGUEZ** | | | |
| Credit Cards: | | | |
| AT&T Universal Rewards Card | 23,338.65 | | |
| Discover Card | 15,211.62 | | |
| Sears Credit Cards | 5,667.86 | | |
| Chase Mastercard | 15,725.03 | 59,943.16 | |
| Attorneys' Fees & Costs: | | | |
| Archer & Greiner, P.C. | 5,011.85 | | |
| Montgomery McCracken (estimated) | 15,000.00 | 20,011.85 | |
| Miscellaneous Debts: | | | |
| A/C Motors | 1,752.00 | | |
| Safeguard Services, Inc. | 73.76 | | |
| Boat U.S. Foundation/Holiday Card Center | 122.95 | | |
| Verizon | 169.47 | | |
| William B. Kessler Memorial Hospital | 975.00 | | |
| Carnesdale Funeral Home | 2,500.00 | | |
| United States Government - Criminal Forfeiture | 560,000.00 | | 945,548.19 |
| Estimate for Estate Administration Expenses | 300,000.00 [10] | 865,593.18 | |
| | **TOTAL LIABILITIES** | | **5,045,537.32** |

---

[10] This figure includes a reserve of approximately $100,000 for estate administration expenses anticipated to be incurred.

## Estate of Angelo C. Rodriguez
### Net Estate

| Entity | Gross Value | Liabilities | Net Value |
|---|---|---|---|
| AN Construction, LLC | 2,344,959.47 | (3,401,330.38) | (1,056,370.91) |
| AR Leasing, Inc. | 11,339.44 | (30,445.29) | (19,105.85) |
| AR Philadelphia, LLC | 420,000.00 | (329,626.56) | 90,373.44 |
| 818 Pear Street, LLC | 229,000.00 | (607.02) [1] | 228,392.98 |
| 778 Egg Harbor Road, LLC | 300,000.00 | (46.73) [2] | 299,953.27 |
| 227 Washington Street, LLC | 210,000.00 | 0.00 [3] | 210,000.00 |
| AN Wine Shop, LLC | 200,000.00 | (271.79) [4] | 199,728.21 |
| 525 12th Street, LLC | 314,000.00 | (216,896.36) [5] | 97,103.64 |
| 359 Fairview Avenue, LLC | 300,000.00 | (120,765.00) [6] | 179,235.00 |
| MN Property Management, LLC | 4,500.00 | 0.00 [7] | 4,500.00 |
| Estate of Angelo C. Rodriguez | 0.00 | (945,548.19) | (945,548.19) |
| | | NET ESTATE | (711,738.41) |

[1] This LLC owns the real property located at 818 Pear Street, Vineland, New Jersey. This property is subject to title litigation calling the ownership of the property by the LLC into question. In addition, this property is subject to a $740,000 AN Construction, LLC, "umbrella" line of credit.

[2] This LLC owns the real property located at 778 Egg Harbor Road, Hammonton, New Jersey. This property is subject to a $740,000 AN Construction, LLC, "umbrella" line of credit.

[3] This property is subject to a $740,000 AN Construction, LLC, "umbrella" line of credit.

[4] This LLC owns the real property located at 122 S. Egg Harbor Road, Hammonton, New Jersey. This property is subject to the United States government lien in the amount of $560,000.

[5] This LLC owns the real properties located at 515 and 525 12th Street, Hammonton, New Jersey. The property located at 525 12th Street is subject to an InterStateNet Bank second mortgage related to AR Philadelphia's acquisition in the amount of $328,843 (see AR Philadelphia Liability List).

[6] This LLC owns the real property located at 359 Fairview Avenue, Hammonton, New Jersey. This property is subject to an InterState Net Bank second mortgage related to AR Philadelphia's acquisition in the amount of $328,843 (see AR Philadelphia Liability List).

[7] This is a holding entity that merely collects and distributes rents to property owning entities

3174497v2

"D"

Estate of Angelo C. Rodriguez
Distribution of Assets

## DISPOSITION OF ENTITY ASSETS:

| Entity | Property | Projected distribution of Assets: To Whom Distributed |
|---|---|---|
| AN Construction, LLC | All remaining Real Estate and Other Assets (including 310 Railroad, Central Ave and the Third Street Major) | To various creditors pursuant to the Bankruptcy proceeding. The liabilities of the LLC exceed the assets of the LLC. |
| AR Leasing, Inc. | 1999 Lexus 300 | To various creditors. The liabilities of the LLC exceed the assets of the LLC. |
| 818 Pear Street, LLC | 818 Pear Street Vineland, New Jersey | To InterState Net Bank pursuant to the $740,000 AN Construction, LLC, "umbrella" line of credit. |
| 778 Egg Harbor Road, LLC | 778 Egg Harbor Road Hammonton, New Jersey | To InterState Net Bank pursuant to the $740,000 AN Construction, LLC, "umbrella" line of credit. |
| 227 Washington Street, LLC | 227 Washington Street Hammonton, New Jersey | To InterState Net Bank pursuant to the $740,000 AN Construction, LLC, "umbrella" line of credit. |
| AN Wine Shop, LLC | 122 S. Egg Harbor Road Hammonton, New Jersey | Net proceeds from any sale to go to United States Government in in connection with the government lien. |
| MN Property Management, LLC | Rental Account | This is a holding entity that merely collects and distributes rents to property owning entities |

## ASSETS REMAINING IN ESTATE:

| Entity | Property Location | Net Value |
|---|---|---|
| AR Philadelphia, LLC | 205-207 Philadelphia Avenue Egg Harbor Township, New Jersey | 90,373.44 |
| 525 12th Street, LLC | 515 and 525 12th Street Hammonton, New Jersey | 97,103.64 |
| 359 Fairview Avenue, LLC | 359 Fairview Avenue Hammont, New Jersey | 179,235.00 |
| | TOTAL ASSETS REMAINING | 366,712.08 |

"E"